

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~
~~XXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bill S. Watkins
County Attorney
Llano County
Llano, Texas

Dear Sir:

Opinion No. O-4548
Re: Construction of Article 6675a-10,
Revised Civil Statutes.

We acknowledge receipt of your request for an opinion of this department on the above captioned subject. Your request is as follows:

"The Commission of Appeals in Stovall vs. Shivers, 103 S.W. (2d) 363, very clearly covered the method of distribution of general road and bridge money of a county in construing Article 6740; but in its last paragraph it stated 'As to that portion of automobile registration fees retained by Van Zandt County, Article 6675a-10 expressly provides how same shall be expended, and for that reason it is obvious that Article 6740 has no application to same.'

"Article 6675a-10 provides that automobile registration fees retained by a county shall be placed in the Road and Bridge Fund of the county and shall be used 'for the construction and maintenance of lateral roads in such county under the supervision of the County Engineer, if there be one, and if there is no such Engineer, then the County Commissioners' Court shall have authority to command the services of the Division Engineer of the State Highway Department for the purpose of supervising the construction and surveying of lateral roads in the respective counties.'

"The Commissioners' Court has requested of me an opinion as to how this automobile registration money should be divided among the four precincts.

"I have advised the Court that in my opinion Article 6675a-10 does not provide for the expenditure of this money in Llano County in view of the fact that we have no county engineer and do not desire to command the services of the District Engineer of the State Highway

Department.   That being the case it seems to me that
the law is silent as to how this money should be
divided among the four precincts.

"Precinct No. 1 of Llano County pays approximately
55% of the county taxes, has probably more lateral
roads than any other precinct and is claiming the same
portion of automobile registration fees as its per cent
of taxes it pays.  The three other smaller precincts are
claiming this money should be divided equally among the
four precincts.

"In view of the importance of this question to all
the counties of Texas, I shall appreciate very much
your opinion as to what method of division of this auto-
mobile registration money among the four precincts should
be made."

It is noted that you have advised your commissioners' court
that Llano County does not have authority to expend the motor
vehicle registration funds retained by such county for the reason
that Llano County has no County Engineer and it does not desire to
command the services of the Division Engineer of the State Highway
Department.   It is apparent that you have arrived at this conclu-
sion because of the portion of Article 6675a-10, supra, which reads
as follows:

"* * * all said monies shall be used for the
construction and maintenance of lateral roads in
such county under the supervision of the county
engineer, if there be one, and if there is no such
engineer, the county commissioners' court shall
have authority to command the services of the divi-
sion engineer of the State Highway Department for
the purpose of supervising the construction and
surveying of lateral roads in their respective
counties."

We believe that in order to fully answer your request, it
is necessary that we discuss Article 6675a-10 as it relates to the
advice you have given your commissioners' court.

We do not construe the hereinabove quoted portion of Article
6675a-10, supra, as authorizing the expenditure of such funds only
under the supervision of the county engineer or a division engineer
of the State Highway Department.  We are of the opinion that the
Legislature recognized the fact that as a general rule members of
commissioners' courts are not qualified to act as engineers for
road construction work; that is, they are not trained to survey
roads, lay out grades, ascertain drainage areas, establish adequate
drainage structures and perform the many other technical duties
necessary for the proper construction of roads.  Several counties
of the state have been authorized by special laws to employ county

engineers and the various acts authorizing such officers require
that they be qualified to act as such.   However, the majority of
the counties in this state do not have authority to employ a
county engineer and the Legislature, realizing the need for highly
trained technical experts for proper road construction, merely
authorized the commissioners' courts to call upon the division
engineer of the State Highway Department to supervise the con-
struction and surveying of lateral roads.

You are, therefore, advised that in our opinion the
commissioners' court is not prohibited from expending the motor
vehicle registration funds retained by it because the county does
not have a county engineer nor does the commissioners' court de--
sire the assistance of the division engineer of the State Highway
Department.   If the commissioners' court feels that it does not
need this assistance, then there is nothing in Article 6675a-10,
supra, to prevent the expenditure of such funds as the needs of
the county for lateral roads may require.

We have re-framed your question as follows:

"What division  of the automobile registration
funds retained by the county should be made to the
four commissioners' precincts?"

Article 6675a-10, supra, provides that the registration
funds retained by the county should be used to construct and main-
tain the lateral roads of such county.   In the case of Stovall vs.
Shivers, 103 S.W. (2d) 366, the Commission of Appeals said:

"By Article 2342 of the Revised Statutes it is
provided that the several commissioners, together
with the county judge, shall compose the 'commission-
ers' court.'  Such court is manifestly a unit, and is
the agency of the whole county.  The respective mem-
bers of the commissioners' court are therefore pri-
marily representatives of the whole county, and not
merely representatives of their respective precincts.
The duty of the commissioners' court is to transact
the business, protect the interest and promote the
welfare of the county as a whole.  Among the powers
conferred upon such county by Article 2351 are the
following:  the power to lay out and establish, change
and discontinue roads and highways, the power to build
bridges and keep them in repair, and the power to exer-
cise general control over all roads, highways, ferries
and bridges in their county."

It is clearly apparent that the commissioners' courts are
empowered and the duty rests upon them to construct and maintain
the roads of the county as a whole without regard to precinct lines.

In view of the fact that no intra-county territorial limi-
tation is placed upon the expenditure of the motor vehicle regis-

tration funds retained by the county, by Article 6675a-10, supra, you are advised that the commissioners' court may use those funds as the need of the county requires.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Richard H. Cocke
   Richard H. Cocke
   Assistant

RHC:ej:wc

APPROVED MAY 12, 1942

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/ RWF Chairman